NOT FOR PUBLICATION (Document No. 24)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                        :
MARY MAZON, individually and on         :
behalf of all others similarly situated, :
                                        :
            Plaintiff,                  :   Civil No. 10-700 (RBK/KMW)
                                        :
    v.                                  :   OPINION
                                        :
WELLS FARGO BANK, N.A., as              :
successor in interest to                :
WACHOVIA BANK, N.A.,                    :
                                        :
            Defendant.                  :
_____     :

**KUGLER**, United States District Judge:

Presently before the Court is a Motion for Preliminary Approval of a Class Action Settlement submitted by Plaintiff Mary Mazon on her own behalf and on behalf of all others similarly situated. Defendant Wells Fargo Bank, N.A., as successor in interest to Wachovia Bank, N.A., does not oppose this motion. However, for the reasons set forth below, Plaintiff's motion (Doc. No. 24) is denied.

**I.     BACKGROUND**

On February 9, 2010, Plaintiff Mary Mazon filed suit against Wells Fargo Bank, N.A., as successor in interest to Wachovia Bank, N.A., for violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"). (Pl. Mem. 1). Plaintiff claims that Defendant imposed fees on consumers for electronic fund transfers at an automated teller machine ("ATM") without posting

1

notice "in a prominent and conspicuous location on or at the [ATM]" from which customers were drawing funds. (Pl. Mem. 2 (quoting 15 U.S.C. § 1693(d)(3)(B))).

The parties reached a settlement shortly after the suit was filed. (Pl. Mem. at 2). According to the proposed settlement agreement, which is now before the Court, Defendant will establish a settlement fund in the amount of forty thousand dollars, with class counsel receiving approximately one-third of the amount in the fund ($13,200). (Pl. Mem. 3). The parties have also agreed to the following class:

> All persons who were not banking customers of Wachovia Bank N.A. and who were charged or assessed any transaction fee, including any "terminal owner fee," surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer or balance inquiry at the ATM at Issue between March 3, 2009 and

the date of preliminary approval of the Class Action Settlement Agreement. (Pl. Mem. 2). The parties propose that potential class members be notified through Internet notice, as well as by ATM notice, the cost of which will be paid from the settlement fund. (Id.) Under the proposed settlement, named plaintiff Mary Mazon is to receive $1,500, while all other approved class members will be paid on a pro rata basis from the amount remaining in the settlement fund, with no class member receiving more than $100. (Id.) Any unclaimed amount in the Settlement Fund will then be paid on a cy pres basis to the Boys and Girls Club of America. (Id.)

The parties now seek preliminary approval of the proposed Class Action Settlement (including the settlement amount, claim dissemination plan, and attorneys' fees), certification of the proposed class,[1] authorization to publish Class Notice, and the scheduling of a final approval

---

[1] Plaintiff, in her memorandum, requests that the Court "certify the proposed settlement class, for settlement purposes only, subject to Plaintiff's obligation to demonstrate that the class satisfies all of the applicable requirements of Fed. R. Civ. P. 23 prior to final approval of the

hearing ninety days after notice is published. (Pl. Mem. 9).

## II. DISCUSSION

### A. Preliminary Approval of the Class Action Settlement

Review of a proposed class action settlement is a two-step process: (1) preliminary approval and (2) a subsequent fairness hearing. In re Initial Pub. Offering Sec. Litig., 226 F.R.D. 186, 191 (S.D.N.Y. 2005). Courts must make a preliminary evaluation of the fairness of the settlement. In re Nasdaq Mkt. Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997). Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient. Cf. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 116 (2d Cir. 2005) (quoting Manual for Complex Litigation, Third, § 30.42 (West 1995)) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery."). Generally, "[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." In re Nasdaq Mkt. Makers Antitrust Litig., 176 F.R.D. at 102

---

proposed settlement." (Pl. Mem. 9). "The use of a settlement class allows the parties to concede, for purposes of settlement negotiations, the propriety of bringing the suit as a class action and allows the court to postpone formal certification of the class until after settlement negotiations have ended." In re Initial Pub. Offering Sec. Litig., 226 F.R.D. 186, 190 (S.D.N.Y. 2005). Here, however, the negotiations have already ended. The parties agree that the proposed class should receive the proposed amount. Although the Court's analysis would be nearly the same when approving a class for settlement purposes only, the Court will treat this aspect of Plaintiff's motion simply as a request for class certification. Id. ("A settlement-only class must meet all the requirements of Rule 23, with one important exception: because the case will never go to trial, the court need not consider the manageability of the proceedings should the case or cases proceed to trial.").

(quoting Manual for Complex Litigation, Third § 30.41 (West 1995)).

The proposed settlement is sufficient to meet the "no obvious deficiency" standard. First, the proposed settlement appears to be the result of an arm's-length negotiation between experienced counsel for Plaintiff and Defendant. The parties negotiated their respective positions and reached an agreement based upon their interests and the relative risks of prolonged litigation. Although Plaintiff maintains that her claims against Defendant are wholly meritorious, Plaintiff acknowledges that Defendant has viable affirmative defenses, as well as some persuasive, albeit non-binding, case law on its side. (Pl. Mem. at 6).

Second, the proposed settlement has no obvious defects and provides the class with reasonable and adequate relief. Under the terms of the proposed settlement, each member will receive compensatory damages for the harm caused by Defendants' alleged violation of the EFTA. The amount of the recovery is reasonable given that ATM fees are generally much less than the amount class members could potentially receive in this settlement.

Finally, there is no evidence that the proposed settlement unreasonably favors the class representative or any segment of the class. Therefore, the Court finds that the proposed settlement is fair, adequate, and reasonable. Accordingly, the Court now considers whether the requirements for class certification are met.

### B. Certification of the Settlement Class

"In order to approve a class settlement agreement, a district court [] must determine that the requirements for class certification under Rule 23(a) and (b) are met." In re Pet Food Products Liability Litigation, 629 F.3d 333, 341 (3d Cir. 2010). Under Rule 23(a), the parties must demonstrate:

> (1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims and defenses 'are typical . . . of the class'); and (4) adequacy of representation (class representative 'will fairly and adequately protect the interests of the class').

Id. at 341 (quoting Amchem Prods., Inc. V. Windsor, 521 U.S. 591, 613 (1997)) (alteration in original) (omission in original). Further, under Rule 23(b)(3), certification is proper if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

A plaintiff bears the burden of demonstrating that Rule 23's requirements are met by a preponderance of the evidence, and the district court "must make whatever factual and legal inquiries are necessary and must consider all relevant evidence and arguments presented by the parties." In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 306 (3d Cir. 2008). Thus, a district court should certify a class "only if the court is 'satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" Beck v. Maximus, Inc., 457 F.3d 291, 297 (3d Cir. 2006) (quoting Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 161 (1982)).

All of the class certification requirements are intended to serve as "guideposts for determining whether maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626 n.20 (1997) (citations and internal quotation marks omitted).

Although Plaintiff's motion is unopposed, Plaintiff fails to indicate why the proposed class meets the requirements of Rule 23(a) and Rule 23(b)(3). As the Court is denying Plaintiff's

motion on other grounds discussed below, the Court will refrain from addressing the proposed class. Plaintiff is instructed, if she submits a revised settlement proposal, to explain why the proposed class meets the requirements set out in Rule 23.

### C. Approval of Class Notice

In approving a class settlement, a district court must also "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). In order to satisfy the notice requirement, the party proposing settlement must comply with the guidelines contained in Rule 23(c)(2) and 23(e)(2). Rule 23(c)(2) provides that in Rule 23(b)(3) class actions:

> The court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2). The form of notice is committed to the district court's discretion, "subject to due process requirements." Zimmer Paper Prods., Inc. v. Berger & Montague, 758 F.2d 86, 90 (3d Cir. 1985). Due process requires notification of: (1) "the nature of the pending litigation;" (2) "the settlement's general terms;" (3) "that complete information is available from the court files;" and (4) "that any class member may appear and be heard at the Fairness Hearing."

In re Prudential Ins. Co. of Am. Sales Practices Litig., 962 F. Supp. 450, 527 (D.N.J. 1997). "Although the notice need not be unduly specific," In re Diet Drugs, 226 F.R.D. 498, 518 (E.D.Pa. 2005), it must "describe, in detail, the nature of the proposed settlement, the circumstances justifying it, and the consequences of accepting and opting out of it." In re Diet Drugs, 369 F.3d 293, 308-10 (3d Cir. 2004).

At the outset, the Court finds that the information contained in the settlement notice meets Rule 23's requirements. The proposed settlement notice contains the following information: (1) a description of the nature of the case and the claims asserted; (2) a summary of the terms of the proposed settlement and proof of claim process; (3) an explanation of how to file an objection or exclusion; (4) a description of the time, date, and location of the fairness hearing, and a note to all class members that they have a right to be heard; (5) a notification that all proposed members may retain counsel and enter an appearance; and (6) information concerning how to review the court file or contact the Settlement Administrator, class counsel, or defense counsel. Furthermore, the settlement notice contains an easy-to-read summary of critical dates, and directs each class member to the Court for additional information. That information satisfies the requirements of Rule 23(c)(2) and (e)(2).

However, the Court is not convinced that the proposed manner of providing notice is adequate. "It is well settled that in the usual situation first-class mail and publication in the press fully satisfy the notice requirements of both Fed. R. Civ. P. 23 and the due process clause." Zimmer, 758 F.2d at 90 (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173-77 (1974)). Plaintiff, however, argues that direct mail notice is untenable in this action, because the mailing addresses for class members are not compiled in one easily accessible depository. Rather, the

7

information needed is "within the possession of a substantial number of banks" and "[i]t is unlikely that any of these institutions would divulge their . . . customers' personal information voluntarily." (Pl. Mem. 7). Even if the mailing addresses were readily available, Plaintiff argues, direct mail would be cost prohibitive.

Plaintiff's arguments are unpersuasive. Plaintiff does not make clear exactly how many banks are involved, and what steps, if any, the parties have taken to determine the willingness of those banks to assist their customers in exercising their rights under the settlement agreement. While direct mail may prove to be untenable, there may be other means of notice that satisfy Rule 23 and the due process clause without being cost-prohibitive, but the Court is not in a position at this point to determine what those are. However, the Court does now determine that posting notice on a website and an ATM is insufficient notice where, as here, potential class members who do not receive notice sacrifice their legal claims.

### D. Final Approval Hearing

The Court will not schedule a hearing to determine whether to grant final approval until the Court grants preliminary approval of the proposed class and method of providing notice to the class.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Approval of Class Action Settlement is DENIED. An appropriate Order shall follow.


Dated: 12/14/2011                                          /s/ Robert B. Kugler
                                                                                          ROBERT B. KUGLER
                                                                                          United States District Judge